

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Jane Doe
_____
                                    Plaintiff
                vs.

Case Number  2024-CAB-001525

Marc Borbely, 1115 Mass Ave NW, DC 20005
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**None: Plaintiff pro se**
Name of Plaintiff's Attorney

**Jane Doe**
Address

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**2024556338**
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

*Clerk of the Court*

By _____
                    Deputy Clerk

Date       March 29, 2024

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                              Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                            Demandante
                    contra
                                                          Número de Caso: _____
_____
                                            Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____   *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____   Por: _____
Dirección                                                                  Subsecretario

_____

_____   Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면(202)879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                               Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Jane Doe
_____
                                        Plaintiff
                    vs.

                                                                Case Number  2024-CAB-001525

DC Tenants' Rights Center, 1115 Mass Ave NW, DC 20005
_____
                                        Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**None: Plaintiff pro se**
Name of Plaintiff's Attorney

**Jane Doe**
Address
████████████████████████

**2024556338**
Telephone

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시요   የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

*Clerk of the Court*

By _____
                    Deputy Clerk

Date   March 29, 2024

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation<br/>Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                                    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante
                contra

                                                            Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

                                    Por: _____
_____             Subsecretario
Dirección

_____
                                    Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화해 주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**Civil - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1133 | www.dccourts.gov**

Case Number: 2024-CAB-001525

Case Style: Jane Doe v. Marc Borbely et al.

## INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 06/07/2024 | 9:30 AM | Remote Courtroom 219 |
| Please see attached instructions for remote participation. | | |
| Your case is assigned to Associate Judge Ebony M Scott. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

## To Join by Computer, Tablet, or Smartphone:

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb219

   Meeting ID: 129 315 2924

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

## Or to Join by Phone:

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

## Resources and Contact Information:

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

## ACCESSIBILITY AND LANGUAGE ACCESS

### Persons with Disabilities:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

### Interpreting and Translation Services:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

### Servicios de interpretación y traducción:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

### የቃልና የጽሑፍ ትርጉሜ አገልግሎቶች:

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጉሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሀፊ ቢሮ (ክላርክ'ስ ኦፊስ) ያነግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

### How do I know if I have a remote hearing?
The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

### How do I take part in a remote hearing?
The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

### Is there anything that I should do before the day of the hearing?
- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

   Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

### Tips for the Hearing 
- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

### Special Tips for Video Hearings 
### (Click here for more information)
- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

 

# District of Columbia Courts
# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

The remote site locations are:

| Remote Site - 1<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | Remote Site - 4<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
|---|---|
| Remote Site - 2<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | Remote Site - 5<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| Remote Site - 3<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | Remote Site - 6<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |



If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station.** If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

*You should bring the following items when you come to your scheduled site location*

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call: **202-879-1900**
Email: DCCourtsRemoteSites@dcsc.gov

 

# Tribunales del Distrito de Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de **lunes a viernes, de 8:30 am a 4:00 pm**.

Los centros de acceso remoto son:



**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.** Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame al **202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

*Cuando concurra al sitio programado debe llevar los siguientes artículos*

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

Información de contacto para programar su estación de computadora de acceso remoto:
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
3/6/2024 10:31 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Jane Doe

*Plaintiff*

vs

Marc Borbely
and
DC Tenants' Rights Center

*Defendants*

Case: 2024-CAB-001525
Judge:

## COMPLAINT

In this Complaint, Plaintiff Jane Doe brings this suit against Defendants under the DC Consumer Protection Procedures Act ('DC CPPA'), the Americans with Disabilities Act of 1990 ('ADA'), the DC Human Rights Act, and other statutes and the Rules of Professional Conduct (including Rule 1.16 'Terminating Representation' and Rule 1.3 'Diligence') for their breaches of the foregoing – including disability discrimination, legal malpractice, negligence, and intentional infliction of emotional distress. This had an immensely harmful impact and adverse effect on Plaintiff, including on her case, as well as her mental health, and lost career/business/economic opportunities (totally over $20 million, according to the expert testimony of a leading, nationally-recognized compensation expert). On this basis, Plaintiff seeks an award of damages, including compensatory, treble and punitive damages against Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's claims is conferred on this court by DC Code § 11-921.

2. Defendant Marc Borbely is an attorney licensed to practice law in Washington DC.

3. Defendant DC Tenants' Rights Center is a law firm based in Washington DC.

4. Defendants represented Plaintiff in her cases at DC Superior Court.

5. Plaintiff consents to this court's jurisdiction by filing this lawsuit at this court.

## PARTIES

6. Plaintiff is a former institutional investor (pension fund manager) with three of the top investment management firms in the world. She is also a CFA Charter-holder (international finance's 'gold standard' qualification) and holds an MBA from one of the top-ranked business schools in the world. After her investing career, she devoted herself to working with the biggest institutional investors in the country to help reverse economic inequality and stop the assault on American democracy, pioneering a unique path of advocacy within the highest powers of capitalism. She has also published 'op-eds' and other work in the *Financial Times*.

1

7. In 2018, Plaintiff – who had already survived extensive domestic violence and stalking in two different sets of circumstances (childhood and marriage) - was cut down for a third time by extensive and prolonged stalking by a man in DC (and assaulted by his 'business' associate) who had been hired by an attorney (John Perazich) and promised payment of approximately $38,000 to unlawfully evict (i.e. through violence) Plaintiff and other tenants in order to vacate the property within 48 hours, which had been listed for sale (unknown to Plaintiff at the time) and then quickly sold. This attorney (Perazich) was acting on behalf of Plaintiff's landlord, who was virtually blind and entirely dependent on others (in this case, on Perazich) to navigate his affairs: this attorney (Perazich) had personally loaned Plaintiff's landlord approximately $25,000 and forced Plaintiff's landlord to selling the property which Plaintiff's landlord rented to Plaintiff and other tenants, in order to get his (Perazich's) money back from Plaintiff's landlord. This attorney (Perazich) managed the entire property sales process on behalf of Plaintiff's landlord, including the unlawful eviction process – i.e. the hiring of thugs to subject Plaintiff and other tenants to violence, threats and stalking in order to achieve vacating of the property within 48 hours. This violence and protracted, extreme, extensive stalking by the hired thug utterly destroyed Plaintiff (her mental health and well-being, her career, her business prospects and income, etc, etc) and caused her to suffer a disability that she had not suffered before, and to a very severe degree. Plaintiff therefore sought legal recourse, and Defendants Borbely and DC Tenants' Rights Center were hired for that purpose.

8. Despite her disability, and to the best of her abilities, Plaintiff took the trouble to be as extremely diligent a litigant and client of Defendants as possible, always doing whatever Defendants asked her to do in a reasonably prompt manner, and almost always deferring to the advice of Defendants (with only perhaps a few exceptions to this, where Defendants gave Plaintiff a choice of options). Plaintiff also was very forthcoming about the severe limits of her disability with Defendants, in order for the limits of her disability to be navigated as effectively as possible with her obligations as a conscientious litigant and client. She also frequently and proactively asked Defendants to tell her what they needed from her in order to make the working relationship as effective as possible and sought to accommodate those needs to the best of her abilities – considering this her 'job' within this partnership, i.e. working relationship.

9. Defendant Marc Borbely is the founder of DC Tenants' Rights Center.

10. DC Tenants' Rights Center is a law firm based in Washington DC. Its address is 1115 Massachusetts Avenue NW, Suite 300, Washington DC 20005.

11. Both Defendants represented Plaintiff on her 'underlying' cases against Defendants John Perazich, John Cheeks, *et al*, from the start of these cases in 2018 through to March or April 2023.

## FACTS

12. Approximately sometime in mid- to late-March and/or April 2023, Defendant Borbely informed Plaintiff that he would be terminating their relationship because of her mental health disability – not because her disability was causing him a problem in representing her (indeed, he had represented her for nearly five years by this stage), but because he chose to play Plaintiff's psychiatrist or mental health doctor: specifically, he said that he did not believe that Plaintiff pursuing this case was good for Plaintiff's mental health.

13. Defendant Borbely acknowledged that it would be very hard to find a new attorney to replace him.

14. Plaintiff repeatedly and consistently implored him not to withdraw from her case. She made clear that his actions were disability discriminatory, as well as immensely harmful to her case – because it would be exceedingly difficult to find another attorney who would be willing and able to pick up and take over a five-year-old case, and one that had an extremely extensive, very complex and meandering case history and docket trail. It would be virtually impossible for a new attorney to become familiar with the infinite amount of details in the case history, i.e. to become as familiar with the details of the case history as Defendants

2

were. A new attorney would not be able to absorb five years of information relating to this case and its case history in a reasonably rapid amount of time, and thus be able to effectively represent Plaintiff as her new attorney.

15. Defendant Borbely initially said that he would re-consider his decision.

16. Later, Defendant Borbely stated that he had then made his final decision and filed to withdraw from Plaintiff's case against John Perazich *et al.*

17. This put an immense burden onto Plaintiff, who spent countless hours every day over the course of the next several weeks, reaching out to over 30 attorneys without success: over and over, attorneys flat-out rejected the prospect of taking on a five-year-old case from another attorney (i.e. Defendants), or once taking an initial look at the sheer length of the docket trail, immediately turned Plaintiff down. As was articulated over and over to Plaintiff by these attorneys, attorneys like to craft what to them is an effective litigation strategy and often, they do not agree with another attorney's strategy (here in my case, with Defendants' strategy on Plaintiff's underlying case) – that is (as these attorneys articulated to Plaintiff), no two attorneys take the same approach to strategy on a given case. Also highly problematic for many of these attorneys, as was articulated to Plaintiff, was that it was extremely dubious and a big red flag (from the perspective of an attorney potentially considering taking on the case) that the original attorney was dropping the case at this late stage. In short, no attorney wants to take over another attorney's 'left-overs'.

18. Additionally, Defendant Borbely further made Plaintiff's attempts to find a new attorney even harder, by sharing with at least one attorney his negative opinion – thus resulting in that attorney (who had previously appeared willing to take on the case) abruptly changing his mind.

19. When Plaintiff insisted on being present for any such calls with prospective attorneys and asked Defendant Borbely to speak to a prospective attorney with Plaintiff present on the call (to create full transparency about these calls), Defendant Borbely refused to do so, saying that he did not want to "wast[e] [his] time" (ref: email of April 6, 2023).

20. This additional stress put an additional immense burden onto Plaintiff's mental health, as this represented a huge blow to Plaintiff's case and her interests. Plaintiff's disability meant that she was simply not able to handle this burden very well and it further crushed her – that is, caused her to suffer extreme and acute mental distress and more intense disability symptoms.

21. Finally, Plaintiff found one attorney who agreed to taking her case: however, it is not been possible for this attorney to pick up the case with the full knowledge that Defendant Borbely had gradually built up over the last five years working on Plaintiff's underlying case, and this has very significantly harmed Plaintiff's underlying case – including resulting in the main defendant (the primary instigator and 'architect' / manager of the unlawful actions that Plaintiff suffered in 2018), i.e. John Perazich, and his estate, being dismissed from the case.

22. Defendants also repeatedly failed to properly manage Plaintiff's case, including:

(i) failing to promptly submit discovery requests before deadlines, and failing to submit key discovery requests (such as, for example, from the attorney or guardian-ad-litem of Plaintiff's former landlord, who shared with Defendant Borbely that Defendant John Cheeks' business associates had on at least two occasions failed to give Plaintiff's landlord his life-saving medication, resulting in him being found unconscious on the floor in his apartment on at least two occasions, etc);

(ii) failure and refusal to review materials received from defendants in response to Plaintiff's discovery requests, and to take appropriate, follow-through steps accordingly (such as chasing up on deficiencies by the defendants' responses) before the deadline lapsed;

3

(iii) failing to ask the court to enforce a restraining order that one of the defendants had (yet again) breached regarding Plaintiff's mental health disability, resulting in Plaintiff's medical information being publicly exposed, and failing to ask the court for sanctions;

(iv) failing to file a Rule 37(e) (spoliage of evidence) complaint Defendant Perazich who admitted under oath to blatantly destroying significant amounts of significant evidence (all emails relevant to the underlying case from 2018 onwards – as per page 7, paragraph #49 of Plaintiff's amended complaint of October 2021 – despite being advised on June 1 2018 in writing by Plaintiff of legal action pending, and despite evidence showing that Perazich communicated with a landlord-tenant attorney in spring 2018 about this matter (as per page 8, paragraph #59 of Plaintiff's amended complaint); and failing to ask the court to order an "adverse impact instruction" or for other evidentiary sanctions on this basis; and failing to ask the court for a judgement against Perazich on this same basis; and failing to ask the court for to rule that Perazich lose the right to a defense;

(v) failed or refused to look at clear evidence (i.e. email trail) obtained in discovery that showed that Defendant John Perazich's clear, direct and very granular involvement (indeed, his management and control of the entire situation), including hiring in attorneys Dorene Haney and Ron Webne (supposedly behalf of Plaintiff's landlord), and giving Webne a retainer check on behalf of Plaintiff's landlord, and then later instructing Webne to return the un-used retainer to him (Perazich), etc, etc, etc; and yet, despite Plaintiff emailing Defendant Borbely on April 13, 2023 to highlight this evidence/discovery materials received, when Plaintiff later asked Defendant Borbely if he had reviewed these materials, he did not answer yes and instead left a silence;

(vi) failing to obtain evidence (such as evidence regarding the $38,000 payment promised by Defendant Perazich to Defendant Cheeks in an email, and highlighting the ruse that Defendant Cheeks' business associates/agents were 'carers', who had no such background or qualifications as carers, etc, etc) that would show Defendant Perazich's claim to be merely 'helping a friend' was utter nonsense;

(vii) failing to do any discovery to show that Plaintiff's landlord was essentially blind and thereby entirely dependent upon Defendant Perazich to run his affairs regarding the sale of his property and tenants (including Plaintiff), which evidence (i.e. emails, etc) clearly show that he (Defendant Perazich) did;

(viii) failure to ask the court to enforce its court / protection order of June 1, 2018, even though Plaintiff repeatedly informed him that Defendant Cheeks was blatantly breaking the court order by installing his business associates/agents inside the unit on a 24/7 basis – which resulted in Plaintiff suffering domestic assault by one of these associates/agents, as well as prolonged and extensive stalking actions by Defendant Cheeks and his associates/agents (for which she was approximately five months later given two CPOs), and which resulted in Plaintiff being unlawfully forced out of her home;

(ix) sharing all emails regarding Plaintiff's and Defendants' working relationship (i.e. that were not about the case itself), against Plaintiff's clear instructions NOT to, with a new attorney;

23. Plaintiff paid Defendants an enormous amount of money in fees since 2018, which was a waste of money because of Defendants actions, including in torpedoing Plaintiff's underlying case, which resulted in a very adverse outcome (including the main defendant, John Perazich, and his estate being dismissed from the case).

24. Plaintiff has also suffered immense distress and worsening of her disability symptoms because of Defendants' harmful, unlawful actions.

25. Defendants' failure to ask the court to enforce its court/protection order of June 1, 2018, which resulted in Plaintiff being subjected to months of harrowing stalking and then domestic assault, as well as being forced from her home, which in turn resulted in Plaintiff being unable to be economically active, thus causing her the loss of over $20 million in lost business opportunities – which a leading, nationally-recognized compensation expert submitted expert testimony testifying to.

4

## CLAIMS FOR RELIEF

### COUNT ONE:   BREACH OF DC CPPA

26. Plaintiff repeats the allegations in paragraphs #1-25 as if fully set forth herein.

27. The DC CPPA at §28-3904 (e-1) and (x), which provide that it shall be a violation of this chapter for any person to engage in an unfair or deceptive trade practice, including to: represent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited *by law* [emphasis added by Plaintiff].

28. Each of the following counts are therefore also breaches of the DC CPPA.

### COUNT TWO:   BREACH OF ADA

29. Plaintiff repeats the allegations in paragraphs #1-25 as if fully set forth herein.

30. The ADA prohibits discrimination on account of a person's disability.

31. Defendants terminated representation of Plaintiff because of her disability.

32. Plaintiff alleges that this is a blatant breach of the ADA.

### COUNT THREE:   BREACH OF DC HUMAN RIGHTS ACT

33. Plaintiff repeats the allegations in paragraphs #1-25 as if fully set forth herein.

34. The DC Human Rights Act prohibits discrimination on account of a person's disability.

35. Defendants terminated representation of Plaintiff because of her disability.

36. Plaintiff alleges that this is a blatant breach of the DC Human Rights Act.

### COUNT FOUR:   BREACH OF RULES OF PROFESSIONAL CONDUCT - RULE 1.16

37. Plaintiff repeats the allegations in paragraphs #1-25 as if fully set forth herein.

38. Rule 1.16 ('Declining or Terminating Representation') states at (b) that "Except as stated in paragraph (c), a lawyer may withdraw from representing a client *if* withdrawal can be accomplished ***without* material adverse effect on the interests of the client** .." [emphases added here by Plaintiff]. The 'Comments' section further adds at [1] that "A lawyer should **not accept** representation in a matter **unless** it can be performed competently, promptly, .. **and to completion."** [Emphases again added here by Plaintiff.]

39. Defendants terminated representation of Plaintiff despite (i) Plaintiff suffering material adverse effects on her case, i.e. her interests, and (ii) Plaintiff repeatedly informing Defendants that this would be the outcome of their choosing to terminate the representation.

5

40. Plaintiff alleges that this is a blatant breach of the Rules of Professional Conduct – specifically Rule 1.16.

## COUNTS FIVE TO THIRTEEN:   BREACH OF RULES OF PROFESSIONAL CONDUCT - RULE 1.3

41. Plaintiff repeats the allegations in paragraphs #1-25 as if fully set forth herein.

42. Rule 1.3 ('Diligence and Zeal') states that: "(a) A lawyer shall represent a client zealously and diligently within the bounds of the law. (b) A lawyer shall *not* intentionally: (1) Fail to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules; or
(2) Prejudice or damage a client during the course of the professional relationship. (c) A lawyer shall act with reasonable promptness in representing a client."

43. The multiple failures articulated in paragraph #22 above highlight repeated breaches of Rule 1.3 parts (a), (b) and (c), nine of which are articulated here.

44. Plaintiff alleges that these constitute at least nine breaches of the Rule 1.3 of the Rules of Professional Conduct.

## COUNTS FOURTEEN TO TWENTY-TWO:   LEGAL MALPRACTICE AND NEGLIGENCE

45. Plaintiff repeats the allegations in paragraphs #1-25 as if fully set forth herein.

46. Defendants owed a duty to represent Plaintiff's best interests.

47. Defendants were repeatedly and significantly negligent in this duty, as articulated in paragraph #22 above. Plaintiff alleges that these constitute at least nine separate acts of legal malpractice and negligence.

48. These acts of negligence and legal malpractice caused severe detrimental outcomes on Plaintiff's underlying case, which in turn resulted in significant losses for Plaintiff, of over $20 million.

## COUNT TWENTY-THREE:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff repeats the allegations in paragraphs #1-25 as if fully set forth herein.

50. Defendants knowingly, recklessly and intentionally harmed Plaintiff as detailed in the above allegations and counts (including causing emotional distress and worsening of her disability symptoms), with full knowledge of the potential that this would cause harm to Plaintiff, which Plaintiff repeatedly articulated to Defendant Borbely.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Award Plaintiff damages (including compensatory, special, general, treble and punitive) totaling at least $20 million against Defendants; and

B. Grant such relief as justice may require.

6

Respectfully submitted

/s/ Jane Doe
Plaintiff, *pro se*
Email:
janedoevsdp2021@gmail.com

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH
INFORMATION SHEET

| | |
|---|---|
| Jane Doe | Case Number: 2024-CAB-001525 |
| Plaintiff(s) | |
| vs | Date: March 6, 2024 |
| Marc Borbely & DC Tenants' Rights Center | ☐ One of the defendants is being sued in their official capacity. |
| Defendant(s) | |

| Name: *(Please Print)* Jane Doe | Relationship to Lawsuit |
|---|---|
| Firm Name: none | ☐ Attorney for Plaintiff |
| Telephone No.: (202) 455-6338    DC Bar No.: | ☑ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE:   ☐ Non-Jury     ☐ 6 Person Jury     ☐ 12 Person Jury
Demand: $20,000,000.00                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____   Judge:_____   Calendar #:_____

Case No.:_____   Judge:_____   Calendar #:_____

NATURE OF SUIT:   *(Check One Box Only)*

**CONTRACT**
- ☐ Breach of Contract
- ☐ Breach of Warranty
- ☐ Condo/Homeowner Assn. Fees
- ☐ Contract Enforcement
- ☐ Negotiable Instrument

**COLLECTION/INS. SUB**
- ☐ Debt Collection
- ☐ Insurance Subrogation
- ☐ Motion/Application for Judgment by Confession
- ☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- ☐ Breach of Contract
- ☐ Discrimination
- ☐ Wage Claim
- ☐ Whistle Blower
- ☐ Wrongful Termination

**REAL PROPERTY**
- ☐ Condo/Homeowner Assn. Foreclosure
- ☐ Declaratory Judgment
- ☐ Drug Related Nuisance Abatement
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Interpleader
- ☐ Other
- ☐ Quiet Title
- ☐ Specific Performance

- ☐ FRIENDLY SUIT
- ☐ HOUSING CODE REGULATIONS
- ☐ QUI TAM
- ☐ STRUCTURED SETTLEMENTS

**ADMINISTRATIVE PROCEEDINGS**
- ☐ Administrative Search Warrant
- ☐ App. for Entry of Jgt. Defaulted Compensation Benefits
- ☐ Enter Administrative Order as Judgment
- ☐ Libel of Information
- ☐ Master Meter
- ☐ Petition Other

- ☐ Release Mechanics Lien
- ☐ Request for Subpoena

**MALPRACTICE**
- ☐ Medical – Other
- ☐ Wrongful Death

**AGENCY APPEAL**
- ☐ Dangerous Animal Determination
- ☐ DCPS Residency Appeal
- ☐ Merit Personnel Act (OEA)
- ☐ Merit Personnel Act (OHR)
- ☐ Other Agency Appeal

☐ APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT

CV-496/February 2023

# Information Sheet, Continued

| CIVIL ASSET FORFEITURE | TORT |
|---|---|
| ☐ Currency | ☐ Abuse of Process |
| ☐ Other | ☐ Assault/Battery |
| ☐ Real Property | ☐ Conversion |
| ☐ Vehicle | ☐ False Arrest/Malicious Prosecution |
| **NAME CHANGE/VITAL RECORD AMENDMENT** | ☐ Libel/Slander/Defamation |
| ☐ Birth Certificate Amendment | ☐ Personal Injury |
| ☐ Death Certificate Amendment | ☐ Toxic Mass |
| ☐ Gender Amendment | ☐ Wrongful Death (Non-Medical Malpractice) |
| ☐ Name Change | |

| GENERAL CIVIL | | STATUTORY CLAIM |
|---|---|---|
| ☐ Accounting | ☐ Product Liability | ☐ Anti – SLAPP |
| ☐ Deceit (Misrepresentation) | ☐ Request for Liquidation | ☐ Consumer Protection Act |
| ☐ Fraud | ☐ Writ of Replevin | ☐ Exploitation of Vulnerable Adult |
| ☐ Invasion of Privacy | ☐ Wrongful Eviction | ☐ Freedom of Information Act (FOIA) |
| ☐ Lead Paint | **CIVIL I/COMPLEX CIVIL** | ☐ Other |
| ☐ Legal Malpractice | ☐ Asbestos | **TAX SALE FORECLOSURE** |
| ☐ Motion/Application Regarding Arbitration Award | **MORTGAGE FORECLOSURE** | ☐ Tax Sale Annual |
| ☑ Other - General Civil | ☐ Non-Residential | ☐ Tax Sale Bid Off |
| | ☐ Residential | |

**VEHICLE**
☐ Personal Injury       ☐ **TRAFFIC ADJUDICATION APPEAL**
☐ Property Damage       ☐ **REQUEST FOR FOREIGN JUDGMENT**

/s/Jane Doe                                              March 6, 2024

Filer/Attorney's Signature                                          Date

CV-496/February 2023